UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

*In re:*

SUBPOENA DUCES TECUM SERVED ON GENEMBRYOMICS

JODY CRUZ, MICHELLE ROBICHAUX, and BRETT PLOWFIELD, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PROGENESIS, INC.,

Defendant.

Case No.: 3:26-cv-03560-BJC-AHG

**TENTATIVE ORDER REGARDING MOTION TO QUASH**

**[ECF No. 1]**

*Underlying action pending in the Southern District of California:*

*Case No. 3:24-cv-01789-BJC-AHG*

Before the Court is Defendant Progenesis, Inc.'s Motion to Quash a subpoena issued by Plaintiffs to non-party GenEmbryomics. ECF No. 1. The subpoena was issued in connection with an action filed by Plaintiffs against Defendant in this court on

October 27, 2024, titled *Cruz, et al. v. Progenesis, Inc.*, Case No. 24-cv-1789-BJC-AHG (S.D. Cal.). Plaintiffs allege generally that Progenesis engaged in false, deceptive, and misleading advertising in the marketing and sale of PGT-A tests. *Cruz*, ECF No. 62 at ¶¶ 30, 75, 76, 207, 214, 231, 234, 355, 421, 426. PGT-A (Preimplantation Genetic Testing for Aneuploidy) tests are genetic screening tests sold as an optional add-on to the in vitro fertilization process that purport to screen embryos for chromosomal abnormalities before implantation. *Id*. at ¶¶ 1, 10, 16.

The recipient of the subpoena, GenEmbryomics, is a company that explored but did not complete an acquisition of Progenesis. ECF No. 1-1 at 8. The subpoena generally seeks nine categories of documents over a 10-year period from January 1, 2016, to the present:

1. Acquisition, merger, and due diligence materials relating to Progenesis;
2. SEC filings, drafts, and materials used to support going-public activities that rely on information about Progenesis or PGT-A;
3. Contracts, agreements, commercial terms, and negotiation materials between GenEmbryomics and Progenesis;
4. Financial documents relating to Progenesis or PGT-A;
5. Scientific, technical, and clinical information regarding PGT-A;
6. Marketing, brand, and representation materials made by Progenesis;
7. Communications between GenEmbryomics and Progenesis;
8. Internal communications and analyses within GenEmbryomics during acquisition targeting and due diligence; and
9. Complaints, incident reports, and adverse event information relating to Progenesis.

ECF No. 1-2 at 82–87. GenEmbryomics has not objected to the subpoena. Progenesis, however, filed its motion to quash in the U.S. District Court for the Northern District of California because the subpoena required compliance within that judicial district. Judge Peter H. Kang transferred the motion to this Court pursuant to Fed. R. Civ. P. 45(f) on June 15, 2026. ECF No. 35.

Progenesis argues that the subpoena should be quashed because it seeks production of GenEmbryomics's confidential commercial information, it seeks information available from the parties themselves, it is overbroad as to time and scope, and it seeks information that is neither relevant nor proportional to the underlying case. ECF No. 1 at 14–20. Progenesis moves in the alternative for a protective order under Fed. R. Civ. P. 26(c) that would narrow the scope of the subpoena. *Id*. at 20–22.

Plaintiffs argue that Progenesis lacks standing to quash the subpoena because the subpoena is directed at GenEmbryomics, not Progenesis. ECF No. 5 at 5–7. Plaintiffs also argue that the motion to quash is untimely. *Id*. at 12–13. Plaintiffs contend that Progenesis has not demonstrated that the subpoena should be quashed or modified in order to protect Progenesis's confidential information, and disagree with Progenesis's categorization of the subpoena as overbroad and unproportional. *Id*. at 7–10. Plaintiffs object to Progenesis's proposed alternative scope for the subpoena because it would eliminate production of information that is relevant to their claims. *Id*. at 13–14.

Having reviewed the parties' briefs and arguments, the Court issues the following **TENTATIVE RULING** on the motion to quash:

1. Progenesis has standing to challenge the subpoena to the extent that it seeks Progenesis's confidential business information. *California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014). After the instant motion to quash was filed, the parties agreed to enter an amended stipulated protective order in the underlying matter in response to other third-party subpoenas. *Cruz*, No. 24-cv-1789-BJC-AHG, ECF No. 84 (June 22, 2026). That protective order allows designation of materials produced in discovery or in response to a subpoena as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," and highlights that "[t]he term 'confidential information' will also mean and include information contained or disclosed in any materials produced by third parties in response to a party subpoena in this litigation, that such producing third party has a good faith

basis to claim." *Id*. at 2, 4. The Court finds that the amended protective order addresses[1] any concerns Progenesis has regarding production of its confidential information by GenEmbryomics.

2. Progenesis does not have standing to challenge the subpoena on the grounds that it imposes an undue burden on GenEmbryomics or seeks the confidential information of GenEmbryomics. *California Sportfishing Protection Alliance,* 299 F.R.D. at 643.

3. This Court has authority under Fed. R. Civ. P. 26(b)(2)(C), either on Progenesis's motion or *sua sponte*, to impose limits on discovery that is outside the scope of Rule 26(b)(1). The Court also has authority under Rule 26(c) to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, … ." FED. R. CIV. P. 26(c); *Blotzer v. L-3 Commc'n Corp.*, 287 F.R.D. 507, 510 (D. Ariz. Apr. 11, 2012). Although the Court does not adopt Progenesis's proposal regarding the scope of the subpoena, it appears that the subpoena may be overbroad as to time and scope. The parties must meet and confer in good faith over the scope of the subpoena before the Court can determine whether it should issue an additional protective order limiting the scope of the subpoena.

The Court **ORDERS** as follows:

1. The parties must meet and confer on or before **<u>July 31, 2026</u>**, regarding whether the scope of the subpoena can be narrowed to ensure that the information requested is relevant and proportional to the needs of the case.

2. The parties must file a Joint Report by **<u>July 31, 2026</u>**, advising whether they want to submit further briefing in response to the Court's tentative order, and outlining any remaining disputes regarding the scope of the subpoena.

---

[1] Or, it can be amended or modified again to do so. *See id*. at 8–9 (allowing for modification by the parties or by the Court *sua sponte*).

3. The Court will review the parties' Joint Report and, if necessary, set deadlines and guidance for supplemental briefing on the motion to quash.

**IT IS SO ORDERED.**

Dated: July 18, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge